**Mary MILLIGAN, individually and on behalf of all others similarly situated, Plaintiff–Appellant,**

v.

**AMERICAN AIRLINES, INC., Defendant–Appellee.**

No. 08–55276.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 15, 2009.

Filed April 30, 2009.

Alan Harris, Esquire, Harris & Ruble, Los Angeles, CA, for Plaintiff–Appellant.

Robert Jon Hendricks, Esquire, Morgan Lewis & Bockius, Los Angeles, CA, Jennifer Elizabeth White–Sperling, Esquire, Morgan Lewis & Bockius, LLP, Irvine, CA, for Defendant–Appellee.

Before: CANBY, RAWLINSON and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Mary Milligan appeals (1) the district court's denial of her motion to amend the Complaint she filed against her former employer, American Airlines, Inc. ("American") to include claims under California's Labor Code Private Attorneys General Act ("LCPAGA"), Cal. Labor Code § 2698 *et seq.*, and (2) the district court's subsequent decision to grant American summary judgment on Milligan's original claims under California Labor Code Sections 226(e) ("Section 226(e)") and (3) 226(g) ("Section 226(g)"). Because the Supreme Court of California is considering the scope of recovery available under Section 226(e), *Brinkley v. Pub. Storage, Inc.,* 84 Cal. Rptr.3d 873, 880 (2008) (a Section 226 plaintiff must show that she suffered an injury as an "essential element" of her claim), *review granted and opinion superseded by* — Cal.4th ——, 87 Cal.Rptr.3d 674, 198 P.3d 1087 (2009), we defer resolution of Milligan's Section 226(e) claim pending a decision from the Supreme Court of California. We also defer resolution of Milligan's LCPAGA claim under Section 226 pending *Brinkley.* The parties are directed to (1) inform this court in writing within 14 days of the Supreme Court of California's decision in *Brinkley,* and (2) move for appropriate relief.

However, we affirm the district court with respect to its decision to (1) grant

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

American summary judgment on Milligan's Section 226(g) claim, and (2) deny Milligan leave to amend her Complaint to include LCPAGA claims under California Labor Code Sections 201 and 202 ("Sections 201 and 202").

### (a) Milligan does not have standing to seek injunctive relief under Section 226(g)

■ Ninth Circuit and United States Supreme Court case law directly rebut Milligan's argument that she need not be a current American employee to seek injunctive relief, because she brings a class action claim, under which she asserts "former employees [may] provide superior representation." To have standing under Article III of the United States Constitution, Milligan must (1) have suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) there must be a causal connection between the injury and the complained-of conduct; and (3) it must be likely that the court's favorable decision provides redress to the individual. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Further, "[i]n the context of injunctive relief, [Milligan] must demonstrate a real or immediate threat of an irreparable injury." *Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001) (internal citations omitted). Milligan is not an American employee. She therefore cannot show that she faces a "real or immediate threat of irreparable injury" by American's employment practices. The fact that Milligan brought a class-action claim does not alter this analysis. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 357, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) ("[t]hat a suit may be a class action ... adds nothing to the question of standing"). Accordingly, the district court properly granted American summary judgment on Milligan's Section 226(g) claim for injunctive relief.

### (b) Milligan's LCPAGA claims under Sections 201 and 202 were untimely.

■ We affirm the district court's decision to deny Milligan leave to amend her Complaint to add LCPAGA claims under Sections 201 and 202. Milligan sought leave to amend her Complaint after California's one-year statute of limitations elapsed. LCPAGA's tolling provisions do not save the claims from Milligan's delay in bringing them before the district court. Moreover, the claims under Sections 201 and 202 do not relate back to the date of Milligan's Complaint, because the claims did nor arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the Complaint. *See* Fed R. Civ. Pro. 15(c). Accordingly, the district court did not abuse its discretion when it denied Milligan leave to amend.

**AFFIRMED in part, DEFERRED in part.**